UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **BRENDA REED, et al.,** | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|     vs. | ) | **Cause No. 1:85-cv-1353-WTL-DKL** |
| | ) | |
| **DEBRA MINOTT, in her official** | ) | |
| **Capacity as Secretary of the Indiana** | ) | |
| **Family and Social Services** | ) | |
| **Administration; and KATHLEEN** | ) | |
| **SEBELIUS, in her official capacity as** | ) | |
| **Secretary of the Department of Health** | ) | |
| **and Human Services,** | ) | |
| | ) | |
|     Defendants. | ) | |

## ENTRY ON MOTION TO VACATE INJUNCTION

This cause is before the Court on the joint motion of the Plaintiffs and Defendant Kathleen Sebelius, who is a defendant by virtue of her position as Secretary of the Department of Health and Human Services (hereinafter referred to as "the USA"), seeking to modify the injunction that was entered in this case in March 1986, and the motion of Defendant Debra Minott, who is a defendant by virtue of her position as Secretary of the Indiana Family and Social Services Administration (hereinafter referred to as "the State"), seeking to vacate the injunction in its entirety. The motions are fully briefed and the Court, being duly advised, **GRANTS** the State's motion [dkt. no. 42] and **DENIES** the joint motion of the Plaintiffs and the USA [dkt. no. 38] for the reasons set forth below. The Plaintiffs' motion for leave to file a surreply [dkt. no. 47] is **GRANTED**; the Clerk is directed to file the surreply [found at dkt. no. 47-1] and the Court has considered it in making this ruling.

**BACKGROUND**

This class action suit was filed in 1985 against Indiana and federal officials and was prompted by what the Seventh Circuit later referred to as "the Secretary of Health and Human Services' misinterpretation of Section 2640 of the Deficit Reduction Act of 1984." *Reed v. Blinzinger*, 816 F.2d 296, 297 (7th Cir. 1987). Specifically, § 2640, which was codified at 42 U.S.C. § 602(a)(38) (1984)[1], changed the eligibility requirements for Aid to Families with Dependent Children ("AFDC") benefits, providing that the income of an AFDC applicant's siblings residing in the applicant's household was to be counted as the applicant's income for purposes of determining the applicant's eligibility for AFDC benefits. This change resulted in some individuals who were previously eligible for AFDC benefits losing their eligibility.

One way individuals became eligible for Medicaid was by receiving AFDC. Under the State's reading of § 2640, if such an individual became ineligible for AFDC benefits under the new standard set forth in § 2640—that is, once the income of his or her sibling(s) was considered—the individual also became ineligible for Medicaid and the State thus terminated the individual's Medicaid benefits. This suit was filed to challenge that practice.

The Plaintiffs argued that the State's practice was prohibited by 42 C.F.R. § 435.113, which provided at the time that a state "must provide Medicaid to individuals who would be eligible for AFDC except for an eligibility requirement used in that program that is specifically prohibited under title XIX." Pursuant to 42 U.S.C. § 1396a(a)(17)(D), the consideration of sibling income was one such specifically prohibited eligibility requirement.

Judge Steckler certified a class in this case consisting of "families who have had or will have their Medicaid eligibility terminated because they are no longer eligible for [AFDC]

---

[1]This provision was repealed in 1996.

benefits based on the new filing requirements under § 2640." He then ruled in favor the

Plaintiffs, rejecting the Defendants' argument that § 2640 modified 42 U.S.C. § 1396a(a)(17)(D)

and superseded the regulations implementing it. Judge Steckler entered judgment enjoining the

Defendants and their successors in office from "enforcing the policy and practice of denying

Medicaid assistance to plaintiffs and members of the plaintiff class because of the consideration

of income of siblings." The judgment was affirmed by the Seventh Circuit in 1987.

## DISCUSSION

In September 2013, the USA filed a motion seeking relief from the court's judgment

based upon changes in the law contained in certain provisions of the Patient Protection and

Affordable Care Act of 2010 and the Health Care and Education Reconciliation Act (hereinafter

referred to collectively as "the ACA"). All of the parties in this case agree that the ACA has

changed the rules applicable to Medicaid eligibility determinations such that the Defendants

cannot comply with both the ACA and the injunction; accordingly, they all agree that the current

injunction cannot remain in place. As previously noted, the Plaintiffs and the USA have jointly

moved to modify the injunction; the State has moved to vacate it.

The issue before the Court, then, is whether the injunction should be vacated altogether or

simply modified.[2] The Court's inquiry is governed by Federal Rule of Civil Procedure 60(b)(5),

which "permits a party to obtain relief from a judgment or order if, among other things,

'applying [the judgment or order] prospectively is no longer equitable.'" *Horne v. Flores*, 557

U.S. 433, 447 (2009).

> Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior
> judgment or order rests, but the Rule provides a means by which a party can ask a
> court to modify or vacate a judgment or order if "a significant change either in

---

[2]The Court finds that it is not necessary or appropriate to require the State to provide notice to the class before resolving these motions.

3

> factual conditions or in law" renders continued enforcement "detrimental to the public interest." *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384, 112 S.Ct. 748, 116 L.Ed.2d 867 (1992). The party seeking relief bears the burden of establishing that changed circumstances warrant relief, but once a party carries this burden, a court abuses its discretion when it refuses to modify an injunction or consent decree in light of such changes.

*Id.* (some citations omitted).

The State argues that changed circumstances in the law have rendered the injunction moot. The Court agrees. The particular "policy and practice" that Judge Steckler enjoined was the denial of Medicaid to individuals who would have been eligible for AFDC benefits but-for the consideration of sibling income. That is the only conduct that was prohibited by the injunction. There is no dispute that there has been a change in the applicable law—the new provisions of the ACA—that makes it inappropriate to enjoin that conduct because it is no longer a violation of federal law. In other words, sibling income is no longer "an eligibility requirement used in [AFDC][3] that is specifically prohibited under title XIX." Therefore the injunction must be vacated.

The Plaintiffs argue that the injunction should not be vacated, but rather modified, because even under the ACA there are some instances in which it is not permissible to consider sibling income in determining eligibility for Medicaid. Specifically, 42 U.S.C. § 1396a(e)(14)(D) sets forth several categories of individuals to whom the new income eligibility provisions do not apply. Therefore, the Plaintiffs and the USA have agreed that the injunction should be modified to read as follows:

---

[3]The AFDC program was replaced by a new program, the Temporary Assistance for Needy Families ("TANF") program, pursuant to the Personal Responsibility and Work Opportunity Reconciliation Act, which was enacted in 1996. At no time did the State move to vacate the injunction on the basis that AFDC no longer existed. The Court need not determine whether that change would be an appropriate basis for vacating the injunction at this time, and therefore will simply use "AFDC" to refer both to AFDC and its successor, TANF.

Except as set forth immediately below, effective immediately the injunction shall no longer apply to eligibility determinations for any applicant or beneficiary whose income and resources are subject to the requirements of 42 U.S.C. § 1396a(e)(14)(A), (B), and (C).

In the case of determining ongoing eligibility for beneficiaries determined eligible for Medicaid coverage to begin on or before December 31, 2013, the injunction shall remain in full force and effect until March 31, 2014 or the next regularly scheduled renewal of eligibility for such individual, whichever is later, at which point the injunction shall no longer apply to eligibility determinations for any applicant or beneficiary whose income and resources are subject to the requirements of 42 U.S.C. § 1396a(e)(14)(A), (B), and (C).

The injunction shall remain in full force and effect as it relates to those individuals specified in 42 U.S.C. § 1396a(e)(14)(D).

The problem with the Plaintiffs' argument is that it treats the injunction in this case as if it enjoins the State from considering sibling income when determining Medicaid eligibility for any individual.[4] It does not. This case only involved the consideration of sibling income as to the class and the injunction applies only to that class—that is, those individuals who would be eligible for AFDC benefits but for the consideration of sibling income. As to those individuals, everyone agrees the relevant law has changed. The other individuals the Plaintiffs are concerned about—people who qualify for Medicaid, if at all, on a basis that is not related to their eligibility for AFDC—were not in the Plaintiff class and therefore never fell under the protection of the injunction. It would be wholly improper to modify the injunction to change that fact now. Accordingly, the Court will vacate the injunction.[5]

---

[4]In fact, in their response to the motion to vacate the Plaintiffs quote the injunction as "enjoining the defendants, in pertinent part, 'from enforcing the policy and practice of denying Medicaid assistance . . . because of the consideration of income of siblings.'" Response at 2. The ellipses utilized by the Plaintiffs leave out an essential qualifier in the language of the injunction—the injunction only applied to the practice of denying benefits "to plaintiffs and members of plaintiff class."

[5]The Court recognizes the fact that some individuals will not be subject to the relevant ACA provisions until as late as March 31, 2015. That does not make it necessary to modify, rather than vacate, the injunction. Vacating the injunction does not give the State permission to

5

## CONCLUSION

For the reasons set forth above, the injunction in this case is hereby **VACATED** in its entirety.

SO ORDERED: 11/07/14

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

violate the law; it simply recognizes that the statutory provisions that were the basis for the Plaintiff's lawsuit and which made the injunction appropriate no longer exist.